DAVID BRYDIA *against* NATHANIEL PLATT,

IN ERROR. This writ was brought to reverse a judgment rendered by *Addison* County Court.

It appeared, that in the original action *David Brydia* declared in case, demanding 2,000 dollars in several money counts.

The defendant *Platt* pleaded in bar a submission of all matters in demand between them to certain arbitrators on the 9th of *February,* A. D. 1798, their award to be made and delivered to the parties by the first day of *June* following. That on the 27th of *April,* 1798, the arbitrators delivered their award to the parties, and awarded that *Platt* should pay to *Brydia* 27 dols. 51 cts. on the same day, and that the parties should execute and deliver to each other mutual releases of all matters in demand until the day of submission.

The plaintiff below replied, (confessing the submission,) that the award was not made and delivered

Brydia
v.
Platt.

agreeably to it.   The defendant rejoined, that the award was made agreeably to the submission.   This issue was joined and submitted to the County Court, who found the issue for the defendant, and rendered judgment that his plea in bar was sufficient.

The error assigned is, that the plea in bar was in-sufficient.   General issue pleaded and joined.

*Miller*, in stating for the plaintiff in error, ob-served, that although there was an issue in fact carved and put to the Court, who decided correctly upon it, yet that the plea in bar is in itself insufficient, in that it does not set forth that the defendant com-plied with the award on his part by paying or ten-dering the sum awarded, and by executing a release to the plaintiff, as required in the award, and that exception to these defects in demurrer would have been fatal to the plea in bar.   To this point he cited *Kyd on Awards*, p. 218. *et seq.*   He further contend-ed, that what could have been taken advantage of in demurrer, may now be considered in error.

*Sed per Curiam.*   The question whether the award was well pleaded or not in the plea in bar, cannot now be made; for the Court consider the doctrine and practice as established, that where there is a defect in pleading which the party does not take advantage of by demurrer, but elects to traverse the whole or any part of the plea, and an issue is joined and judg-ment rendered on the issue, the party waiving the demurrer can never assign such defects in error.

Judgment of the County Court affirmed.

*Samuel Miller,*\* for the plaintiff.
*Amos Marsh,* for defendant.

Brydia
v.
Platt.

*Note.* The Reporter cannot vouch for the correctness of this report, it being partly taken from memory, and in part from some brief minutes in his private docket. He well recollects the question being elaborately and repeatedly argued, but his notes are unfortunately mislaid. He has no doubt, however, that the opinion of the Court is correctly stated.

---

\* Whilst I was engaged in preparing the above report for the press, a public obituary announced the death of the plaintiff's counsel.

By the decease of *Samuel Miller,* the bar of *Vermont* has been deprived of one of its brightest ornaments.

*Non, ——, genus, non te facundia, non te*
> *Restituet pietas ! ! !*
> *Cui pudor, et justitia, soror*
*Incorrupta fides, nudaque veritas,*
> *Quando ullum inveniet parem?*    Q. H. F. C,
> *Reporter.*